UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ABDULKADIR OSMAN GARGAR,<br><br>                Petitioner,<br>    v.<br><br>MARK THOMPSON,<br><br>                Respondent. | CASE NO. 2:24-cv-00128-TMC-GJL<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: April 12, 2024 |

The District Court has referred this habeas action to United States Magistrate Judge Grady J. Leupold. Petitioner Abdulkadir Osman Gargar, proceeding *pro se* and *In Forma Pauperis*, filed a federal habeas petition ("Petition") pursuant to 28 U.S.C. § 2254, seeking relief from a state court conviction. Dkt. 5.

Upon review, the undersigned finds Petitioner is no longer "in custody" for the conviction he seeks to challenge and, thus, recommends the Petition be **DISMISSED for lack of jurisdiction**.

//

REPORT AND RECOMMENDATION - 1

## I. BACKGROUND

Petitioner challenges a 2021 conviction for first-degree unlawful possession of a firearm imposed by King County Superior Court following a jury trial. Dkt. 5; Dkt. 9-1, Ex. 1, at 2–5; Dkt. 9-2, Ex. 2, at 1. After his jury trial, King County Superior Court sentenced Petitioner to 42 months of confinement in a Washington State correctional facility. Dkt. 9-2, Ex. 2, at 3–4. In addition to his term of confinement, Petitioner was ordered to register as a firearm offender and to pay a $500 Victim Penalty Assessment. *Id.* at 3–4. No term of community custody was ordered. *Id.* at 5.

On February 25, 2023, Petitioner completed his 42-month sentence and was released from confinement by Washington Department of Corrections. Dkt. 9-9, Ex. 9; Dkt. 9-10, Ex. 10.

Approximately a year after his release, Petitioner initiated this action. Dkt. 1. At that time, he was detained at King County Correctional Facility (Dkt. 1-2), and by the time he cured his filing deficiencies on February 24, 2024, Petitioner had been transferred to Western State Hospital. Dkt. 3. Both his detention and hospitalization are unrelated to the conviction challenged here.

## II. DISCUSSION

Respondent argues the Petition should be dismissed for lack of jurisdiction because Petitioner is no longer "in custody" for the 2021 conviction challenged in his Petition. Dkt. 8. The Court agrees.

A habeas petitioner bears the burden of demonstrating that the Court has subject matter jurisdiction over his petition. *See Dow v. Circuit Court of the First Circuit*, 995 F.2d 922, 923 (9th Cir. 1993). "The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the

Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2247(c)(3)).

The "in custody" requirement is viewed from the time a petition is filed and is met when the petitioner "is subject to a significant restraint upon his liberty 'not shared by the public generally.'" *Wilson v. Belleque,* 554 F.3d 816, 822 (9th Cir. 2009) (quoting *Jones v. Cunningham,* 371 U.S. 236, 240 (1963)). This requirement does not mean that the petitioner must be "physically confined" when the petition is filed. *Maleng*, 490 U.S. at 491. However, a petitioner must bear more than the "collateral consequences of a conviction" to be considered "in custody." *Williamson v. Gregoire*, 151 F.3d 1180, 1183 (9th Cir. 1998).

For example, a petitioner who remains on parole or community supervision after his release from prison is "in custody." *Wilson*, 554 F.3d at 822. In contrast, a petitioner is not "in custody" merely because the prior conviction could be used to enhance a sentence imposed for a future conviction. *Maleng*, 490 U.S. at 493; *see also Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 403–04 (2001). Nor is a petitioner "in custody" if the only remaining consequence of his conviction is the payment of a fine or another collateral consequence such as "the inability to vote, engage in certain businesses, hold public office, or serve as a juror." *See Williamson*, 151 F.3d at 1183 ("[C]ourts hold that the imposition of a fine or the revocation of a license is merely a collateral consequence of conviction, and does not meet the 'in custody' requirement."); *Bailey v. Hill*, 599 F.3d 976, 978 (9th Cir. 2010); *Calihan v. Giurbino*, 2011 WL 3843922, at *1 (N.D. Cal. Aug. 30, 2011) (dismissing habeas petition which challenged a restitution fine).

Petitioner initiated this action on January 29, 2024, (Dkt. 1) and cured his filing deficiencies on February 14, 2024 (Dkt. 3). Viewed from either date, Petitioner was no longer

REPORT AND RECOMMENDATION - 3

"in custody" for the conviction he challenges in his Petition, which fully expired upon his release from confinement in February 2023. Although Petitioner may still be subject to various collateral consequences—such as monetary obligations and the requirement to register as a firearm offender—he was no longer "in custody" within the meaning of 28 U.S.C. § 2254(a). *See, e.g., Williamson*, 151 F.3d at 1183. Thus, the Court lacks jurisdiction over this case and the Petition must be dismissed.

### III.   EVIDENTIARY HEARING

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen*, 563 U.S. at 181-82. A hearing is not required if the allegations would not entitle Petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id*. Further, the Supreme Court in *Shinn* held that when reviewing a federal habeas petition under 28 U.S.C. § 2254, the federal court may not consider any facts beyond the factual record presented to the state post-conviction relief court—unless one of the limited exceptions of 28 U.S.C. § 2254(e)(2) applies. *Shinn v. Ramirez*, 596 U.S. 366, 382 (2022).

The Court finds it is not necessary to hold an evidentiary hearing in this case because, as discussed above, the Petition may be resolved on the existing record.

//

REPORT AND RECOMMENDATION - 4

### IV. CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). No jurist of reason could disagree with this Court's evaluation of the Petition or would conclude the issues presented in the Petition should proceed further.

Accordingly, the Court concludes Petitioner is not entitled to a certificate of appealability with respect to this Petition.

### V. CONCLUSION

For the above stated reasons, the Court recommends the Petition (Dkt. 5) be **DISMISSED for lack of jurisdiction**. No evidentiary hearing is necessary and a certificate of appealability should be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time

limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **April 12, 2024**, as noted in the caption.

Dated this 27th day of March, 2024.

Grady J. Leupold
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6